See also, D.C., 468 F.Supp. 844.

In the Matter of GEORGETOWN APARTMENTS, a General Partnership, Debtor.

GEORGETOWN APARTMENTS, a General Partnership, Appellant,

v.

METROPOLITAN LIFE INSURANCE CO., and Bankers Trust Company, Appellees.

No. 78–258–Orl-Civ-Y.

United States District Court, M. D. Florida, Orlando Division.

April 24, 1979.

Jack H. Zinkow, Orlando, Fla., for appellant.

James H. Post, Jacksonville, Fla., Robert W. Smith, Orlando, Fla., George S. Cowan, New York City, for appellees.

## MEMORANDUM OPINION

GEORGE C. YOUNG, Chief Judge.

This cause is before the court on the appeal of Appellant Georgetown Apartments from an order of the Bankruptcy Court entered on April 28, 1978 in Case No. 76–648–Orl–Bk–M. The Appellant is a general partnership that filed for protection under Chapter XII of the Bankruptcy Act [11 U.S.C. §§ 801–926] on July 30, 1976. The Appellant's sole asset is a 254 unit apartment complex. The Appellee, Metropolitan Life Insurance Company, holds a nonrecourse first mortgage on the Debtor's real property. The factual history of the proceedings in this case before the Bankruptcy Court is fully outlined in detail in the Memorandum Opinion entered by this Court in the companion appeal, Case No. 78–198–Orl–Civ–Y. These same facts will not be restated herein. The parties have requested oral argument, but the Court finds no need for a hearing.

The Order of Bankruptcy Judge Paskay entered on April 28, 1978 directed that the Debtor pay the remainder of the amount due for real estate taxes on its property for tax years 1976 and 1977 after Appellee Metropolitan first utilized the sum held by it on escrow to pay the taxes. Payment was to be made from the fund of money on hand at the time of dismissal of the Chapter XII proceedings on July 12, 1977, which the Bankruptcy Court had sequestered and retained jurisdiction over. The Order of April 28, 1978 also denied the Debtor's application to have the state court receiver ousted from possession of the real property, on grounds that the Bankruptcy Court lacked jurisdiction over the matter.

On this appeal the Debtor contends that the Bankruptcy Court erroneously assumed jurisdiction over the fund of the Debtor that was sequestered at the time of dismissal, and also erroneously refused to take jurisdiction to oust the state court receiver. The Debtor's argument is premised upon language in the Order entered by Bankruptcy Judge Paskay on January 30, 1978 in which Judge Paskay invited the Debtor to file an application to remove the state court receiver. In that Order, Bankruptcy Judge Paskay did not address the question of the sequestered fund. Therefore the Debtor argues that in the April 28, 1978 Order, Bankruptcy Judge Paskay was in effect bound by the terms of his January 30, 1978 Order.

■ This Court need not address the question of whether the Bankruptcy Court retained jurisdiction to oust the state court receiver after the July 12, 1977 Order of dismissal was on appeal. Suffice it to say, that upon a careful review of the record in this case, the Court concludes that even if the Bankruptcy Court retained jurisdiction to oust the state court receiver, then the Bankruptcy Court did not abuse its discretion in refusing to order such an ouster.

Moreover, the Debtor has never applied to this court for an order in the nature of supersedeas seeking an ouster of the state court receiver pending resolution of the companion appeal. The April 28, 1978 Order provided that the Debtor's application to oust the state court receiver was being dismissed without prejudice, "with leave granted to Georgetown to present the same to the District Court to whom the appeal is assigned." [1] All issues in the companion appeal have been resolved adversely to the Debtor, therefore no prejudice has resulted from the Debtor's inability to control the real property after the July 12, 1977 dismissal of its Chapter XII case. The matter is now moot.

Turning to the question of payment of the real property taxes, the Court finds no error in the April 28, 1978 Order. The taxes in question became due and payable on April 1, 1977 for the tax year 1976 and

1. Page 3 of Judge Paskay's Order of April 28, 1978.

on April 1, 1978 for the tax year 1977. When the Debtor was originally allowed to remain in possession of its property, pursuant to Section 444 of the Bankruptcy Act [11 U.S.C. § 844], the Bankruptcy Court ordered on August 2, 1976 that the Debtor was

"to pay and discharge out of any funds now or hereafter coming into its hands, all taxes and similar charges lawfully incurred in the operation of said business and the preservation and maintenance of said property subsequent to the filing of the petition herein".

Despite this Order the real property taxes were not paid during the pendency of the Chapter XII proceedings.

As Bankruptcy Judge Paskay found in his April 28, 1978 Order, however, the Debtor did pay certain monies into an escrow account held by Appellee Metropolitan. Appellee Metropolitan apparently applied this money to reduce the outstanding mortgage debt, rather than paying the taxes. The Bankruptcy Court therefore found it equitable to require Appellee Metropolitan to first pay the amount placed in escrow and then the sequestered funds of the Debtor in possession would be used to pay the remainder of the property tax liability.

The July 12, 1977 Order expressly retained jurisdiction over the funds on hand held by the Debtor in possession at the time of dismissal. Pursuant to the original Bankruptcy Order of August 2, 1976 those funds were subject to control of the Bankruptcy Court, because the Debtor had been allowed to remain in possession rather than turning the real property over to a trustee. The funds were retained for the payment of expenses such as the accrued real property taxes. The Bankruptcy Court had both the authority and the duty to supervise payment of such taxes.

With respect to the question of whether the Bankruptcy Court retained jurisdiction over the sequestered funds after the July 12, 1977 Order had been appealed, Bankruptcy Judge Paskay correctly analyzed the problem in his April 28, 1978 Order. Regardless of how the appeal from the July 12, 1977 dismissal order might come out, the Bankruptcy Court would still properly retain jurisdiction over the sequestered funds. The real property, which is the Debtor's sole asset, could not be preserved for the benefit of either the Debtor or its mortgagees if the tax collector issued a tax deed to a third party as a result of the non-payment of the real property taxes. Such payment was therefore necessary and proper. The April 28, 1978 Order of the Bankruptcy Court equitably distributes the responsibility for payment of the delinquent property taxes between the Debtor in possession and Appellee Metropolitan.

Having found no reversible error, this court affirms the Order of the Bankruptcy Court entered on April 28, 1978 appealed from in this case. Separate judgment shall be entered in accordance herewith.